**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TERRENCE WRIGHT,                                                                                      PETITIONER
ADC # 109805

v.                                             **5:10-cv-00257-JLH-JJV**

RAY HOBBS, Director,
Arkansas Department of Correction                                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing    Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>500 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 of Terrance Wright, an inmate at the Cummins Unit of the Arkansas Department of Correction (ADC).[1]

## I. BACKGROUND

On January 29, 2008, Mr. Wright entered a conditional plea of guilty in the Circuit Court of Clark County, Arkansas, to possession of cocaine with intent to deliver. (Doc. No. 10, Ex. A). The circuit court found that Mr. Wright was guilty but deferred "judgment pending the appeal granted to the Defendant conditionally to determine if the Court's ruling on the Motion to Suppress and Motion to Disclose Confidential Informant, [], was appropriately determined and decided, pursuant to ARCP Rule 24.3(b)." (*Id.*). Mr. Wright was sentenced to 25 years in the ADC and 15 years "suspended imposition of sentence to ensure good behavior and payment in full of fines." (*Id.*).

Mr. Wright filed a notice of appeal on February 20, 2008. (Doc. No. 10, Ex. C). He filed

---

[1] Mr. Wright alternates the spelling of his first name from Terrance to Terrence throughout his documents. The ADC website reflects the spelling of Mr. Wright's first name as Terrance. Therefore, this Court will use Terrance as the appropriate spelling of Mr. Wright's first name.

his appeal on December 31, 2008, arguing that: (1) "[t]he trial court's denial of appellant's motion to suppress was clearly against the preponderance of the evidence because the affidavit for the search and seizure was inadequate;" (2) "[t]he trial court's denial of appellant's motion to suppress was clearly against the preponderance of the evidence because the search and seizure warrant was improperly executed;" and (3) "[t]he trial court's denial of appellant's motion to require disclosure of the confidential informant was an abuse of discretion." (Doc. No. 10, Ex. D). In response to Mr. Wright's appeal, the State of Arkansas filed a motion to dismiss arguing lack of jurisdiction because Mr. Wright improperly appealed from the orders denying his motion to suppress rather than the judgment, as required by ARCP 24.3(b). (Doc. No. 10, Ex. E). The Arkansas Court of Appeals denied the State's motion to dismiss on February 18, 2009. (Doc. No. 10, Ex. G).

The State then filed its response to Mr. Wright's appellate brief arguing that: (1) "[t]he search and seizure warrant was not executed; thus appellant's argument is moot; alternatively, the search and seizure warrant was not inadequate;" (2) "[t]he search and seizure warrant was not executed; thus appellant's argument is moot; alternatively, if it was executed, it was not executed illegally;" and (3) "[t]he issue of whether the trial court abused its discretion by denying appellant's motion to require disclosure of the confidential informant is not cognizable in an appeal from a guilty plea pursuant to ARK. R. CRIM. P. 24.3(b); alternatively, the trial court did not err by denying disclosure." (Doc. No. 10, Ex. H). Mr. Wright filed a reply brief responding that: (1) "[t]he search warrant which is the subject of this appeal was executed;" and (2) "[t]he search warrant which is the subject of this appeal is insufficient without the portions attributed to the confidential informant." (Doc. No. 10, Ex. I).

In an opinion issued by the Arkansas Court of Appeals on May 27, 2009, Mr. Wright's appeal was dismissed because of his "failure to appeal from the judgment and conviction order

3

entered pursuant to his guilty plea has deprived our court of jurisdiction to decide his appeal." (Doc. No. 10, Ex. J). Wright subsequently filed a petition for rehearing with the Court of Appeals on June 11, 2009. (Doc. No. 10, Ex. K). It was denied on July 1, 2009, by the Arkansas Court of Appeals. (Doc. No. 10, Ex. L). Wright then sought a petition for review with the Arkansas Supreme Court on June 11, 2009, but it was denied on September 17, 2009. (Doc. No. 10. Exs. M, N). The Arkansas Court of Appeals issued its mandate dismissing Mr. Wright's appeal on September 17, 2009. (Doc. No. 10, Ex. O).

Mr. Wright filed the instant Habeas Corpus Petition on August 26, 2010 (Doc. No. 1), and sets forth three grounds for relief. His first two grounds are the same arguments raised with the Arkansas Court of Appeals (Ex. I). He specifically states in turn that "[t]he search warrant which is the subject of this appeal was executed" and "[t]he search warrant that is the subject of this appeal is insufficient without the portions attributed to the confidential informant." (Doc. No. 1). Mr. Wright's third ground for relief is that the "court of appeals/supreme court erred in refusing to rule on the merits of my direct appeal whereas refusal conflicts with a prior holding of a published opinion of this court or court of appeals." (*Id.*). This appears to be the same argument presented in Mr. Wright's petition for re-hearing filed with the Arkansas Court of Appeals on June 10, 2009 (Ex. K).

The Respondent contends that Mr. Wright's first two claims are procedurally barred and, in the alternative, he is not entitled to relief on his claims because they are not cognizable in a habeas corpus proceeding. (Doc. No. 10). The Respondent argues that Mr. Wright's third claim does not entitle him to habeas relief because state law claims are not reviewable in federal habeas corpus proceedings challenging the validity of state-law convictions. (*Id.*).

## II.   DISCUSSION

### A.   Grounds One and Two

This Court may not review a federal habeas claim unless it has first been "'fairly presented' to the state court for a determination on the merits." *Hall v. Delo*, 41 F.3d 1248, 1249-50 (8th Cir. 1994) (quoting *Anderson v. Harless*, 459 U.S. 4,6 (1982)). "A federal claim has not been fairly presented to the state courts when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural law." *Id*. at 1250. Where the state court dismisses a habeas petitioner's claims on independent and adequate state law grounds or the petitioner has failed to fairly present his claims to the state court, the claims are procedurally defaulted, and a federal district court cannot consider them unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation or actual innocence. *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Prewitt v. Goeke,* 978 F.2d 1073, 1077 (8th Cir.1992). "In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004).

In grounds one and two, Mr. Wright argues that "[t]he search warrant which is the subject of this appeal was executed" and "[t]he search warrant that is the subject of this appeal is insufficient without the portions attributed to the confidential informant." (Doc. No. 1). As discussed above, these two grounds are precisely the same as those presented in his appeal to the Arkansas Court of Appeals. The Arkansas Court of Appeals denied his appeal based on his failure to follow Arkansas

Rule of Criminal Procedure 24.3(b).[2] The court specifically stated that "[w]e dismiss the appeal because appellant's failure to appeal from the judgment and conviction order entered pursuant to his guilty plea has deprived our court of jurisdiction to decide his appeal." (Doc. No. 10, Ex. J).

This Court finds that the Arkansas Court of Appeals decision denying Mr. Wright's appeal was based on his failure to follow a state procedural rule. Therefore, his claims are procedurally defaulted and the Court does not have jurisdiction over them. The Court must now determine whether the Petitioner has shown cause and prejudice or a fundamental miscarriage of justice.

### 1. Cause and Prejudice

Because Mr. Wright's claims were barred by a state procedural rule, he must show cause and prejudice or demonstrate a fundamental miscarriage of justice (actual innocence) in order to proceed in federal court on this habeas petition. *Coleman*, 501 U.S. at 750. The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that "'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir.1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).

Mr. Wright has failed to prove any cause or prejudice. He provides no evidence or argument

---

[2]Arkansas Rule of Criminal Procedure 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress seized evidence or a custodial statement or a pretrial motion to dismiss a charge because not brought to trial within the time provided in Rule 28.1 (b) or (c). If the defendant prevails on appeal, the defendant shall be allowed to withdraw the conditional plea.

that something external to him caused the procedural default. Instead, Mr. Wright simply reargues the same issues presented to the Arkansas Court of Appeals. Although Mr. Wright may continue to disagree with the Arkansas Court of Appeals ruling, he has failed to show cause and prejudice.[3]

### 2. Actual Innocence

A federal habeas petitioner who has procedurally defaulted may be able to proceed if he establishes (1) new and *reliable* evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir.1997) (emphasis added). The "actual innocence gateway is very limited." *Id*. "Few petitions are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*. (citations omitted). This exception only applies to claims of actual innocence and not legal innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994). In his petition, Mr. Wright does not make any claims or any showing of actual innocence. Therefore, the Court finds that the actual innocence exception does not apply.

### 3. Fourth Amendment Claims

Even if Mr. Wright's first two grounds for relief were not procedurally defaulted, he would

---

[3]The Respondent suggests that Mr. Wright's petition might be "construed as asserting that the procedural rule relied on by the Arkansas Court of Appeals is not firmly established and regularly followed." *See Oglesby v. Bowersox*, 592 F.3d 922, 925-26 (8th Cir. 2010). The Court finds that the Arkansas Court of Appeals firmly and regularly follows Rule 24.3(b) and any argument to the contrary is dismissed. *See Hill v. State*, 363 Ark. 505 (2005) (finding that the Arkansas Court of Appeals and Arkansas Supreme Court lacked jurisdiction to hear review petitioner's appeal because he was required to appeal from the judgment, not the suppression order); *McMullen v. State*, 82 S.W.3d 827, 828 (Ark. App. 2002) ("Absent compliance with the express terms of Rule 24.3(b), this court acquires no jurisdiction to hear an appeal, even when there has been an attempt at trial to enter a conditional plea").

not be entitled to relief as his claims are not cognizable in a federal habeas corpus proceeding.[4]  Mr. Wright's first two claims implicate the Fourth Amendment.  Fourth Amendment claims raised in a federal habeas petition by state court prisoners are treated differently from all other constitutional claims.  *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc).  In *Stone v. Powell*, the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  428 U.S. 465, 482 (1976).  Therefore, a Fourth Amendment claim is not reviewed by a federal habeas court "unless either the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system."  *Willett*, 37 F.3d at 1273.  Federal courts "are not to consider whether full and fair litigation of the claim in fact occurred in the state courts, but only whether the state provided an opportunity for such litigation."  *Id*.

The record in this case shows that Mr. Wright was given the opportunity to present his Fourth Amendment claims in state court.  The circuit court heard his claims and found that "having fully considered the evidence and argument of counsel [the court] finds that the Defendant's Motion to Suppress should be and is hereby denied."  (Doc. No. 10, Ex. F).  The Arkansas Court of Appeals then reviewed his claim, but found they were without jurisdiction based on Mr. Wright's violation of Rule 24.3(b).  (Doc. No. 10, Ex. J).  Therefore, Mr. Wright fails to establish that the State of Arkansas did not  provide a procedure by which he could raise his Fourth Amendment claim, or that

---

[4]To the extent that Mr. Wright's claims are based on state law, this Court does not have jurisdiction to hear them.  *See* 28 U.S.C. § 2254(a) habeas corpus relief is only available to challenge a state-court judgment when the petitioner "is in custody in violation of the Constitution or law or treaties of the United States."

8

he was foreclosed from using that procedure because of an unconscionable breakdown in the system.

### B. Ground Three

Mr. Wright's third ground for relief is that the "court of appeals/supreme court erred in refusing to rule on the merits of my direct appeal whereas refusal conflicts with a prior holding of a published opinion of this court or court of appeals."

A federal court is not permitted to grant a habeas corpus petition when the only issue is the state's interpretation of its own law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). This Court lacks authority to review a state court's interpretation and application of its law because "federal habeas corpus relief does not lie for errors of state law . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id*. Therefore, Mr. Wright's argument that the Arkansas courts did not follow prior state precedent is not cognizable in a federal habeas petition.

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Mr. Wright's § 2254 petition (Doc. No. 1) should be DISMISSED with prejudice, and the requested relief be DENIED; and

2. A certificate of appealability should be DENIED.

IT IS SO ORDERED this 13th day of December, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE